# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALPHONZO VAUGHAN, | No. 3:19-CV-01181 |
| Petitioner, | (Chief Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| THOMAS MCGINLEY, *et al.*, | |
| Respondents. | |

## ORDER

### OCTOBER 29, 2021

Alphonzo Vaughan, a Pennsylvania state prisoner, filed this 28 U.S.C. § 2254 petition seeking to vacate his convictions and sentence based upon allegations that the trial court erred in permitting the Commonwealth of Pennsylvania to amend the charges against him, and that his attorney was ineffective for failing to sufficiently litigate that issue.[1] In August 2021, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that this Court deny the petition on its merits.[2] After receiving an extension of time, Vaughan filed timely objections to this Report and Recommendation.[3]

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report

---

[1] Doc. 1.
[2] Doc. 18.
[3] Docs. 20, 21.

or specified proposed findings or recommendations to which objection is made.'"[4] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[5] After reviewing the record, the Court finds no error in Magistrate Judge Carlson's conclusion that Vaughan's claims are without merit. Accordingly, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 18) is **ADOPTED**;

2. Vaughan's 28 U.S.C. § 2254 petition (Doc. 1) is **DENIED**;

3. The Court declines to issue certificate of appealability;[6] and

4. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[4] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[5] 28 U.S.C. § 636(b)(1); Local Rule 72.31.
[6] *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (setting forth legal standard).